UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUNTRUST BANK,

    Plaintiff,

v.                                          Case No.  4:19-cv-422-MW/MJF

KAREN STRIPLING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned recommends that Plaintiff's motion to remand this action to the Circuit Court, Fourteenth Judicial Circuit, in and for Jackson County (Doc. 3) be granted.[1]

**I.   Background**

    **A.   Defendant's First Removal of the Foreclosure Action**

On December 16, 2015, Plaintiff filed a residential mortgage foreclosure action in Florida state court against Defendant. (Doc. 3 at 1). On June 13, 2018, Defendant removed that case to the United States District Court for the Northern

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

District of Florida. *Suntrust Bank v. Stripling*, No. 5:18-cv-138-RH-GRJ (N.D. Fla. June 13, 2018). On July 2, 2018, United States Magistrate Judge Gary R. Jones issued a Report and Recommendation ("R&R"). *Id.* at Doc. 6. The R&R noted numerous deficiencies in Defendant's removal which included failing to follow the statutory requirements for removal, untimely removal, and lack of subject matter jurisdiction. *Id.* On July 24, 2018, United States District Judge Robert L. Hinkle adopted the R&R and remanded the case to state court. *Id.* at Doc. 12.

### B.      Defendant's Second Removal of the Foreclosure Action

On September 17, 2018, Defendant filed another notice of removal, using the same case number assigned to her by the clerk of the court when she removed the foreclosure action to the Northern District of Florida in June 2018. *Suntrust Bank v. Stripling*, No. 5:18-cv-138-RH-GRJ (N.D. Fla. Sept. 17, 2018) (Doc. 15). On November 15, 2018, Judge Hinkle remanded the case to state court for the second time because "there plainly was no basis for federal jurisdiction." *Id.* at Doc. 18. Judge Hinkle warned Defendant "not to again attempt to remove the case to this court. Violation of that directive, which is an injunction, may be punished as a contempt of court." *Id.*

### C.     Defendant's Third Removal of the Foreclosure Action

On August 30, 2019, in disregard of Judge Hinkle's instruction not to remove this action again, Defendant filed a third notice of removal with this court. *Suntrust Bank v. Stripling*, No. 4:19-cv-422-MW-MJF (N.D. Fla. Aug. 30, 2019) (Doc. 1). On September 30, 2019, Plaintiff filed a motion for remand. *Id.* at Doc. 3. Plaintiff argues that "the Defendant has failed to timely file her Notice of Removal in violation of 28 U.S.C. § 1446(b) and filed her Notice of Removal in violation of this Court's prior injunction." *Id*.

On October 7, 2019, the undersigned denied Defendant's motion to proceed *in forma pauperis* and ordered Defendant to: (1) submit payment of $400.00 to the clerk of the court; (2) show cause why this action should not be dismissed for lack of subject matter jurisdiction and for Defendant's failure to follow the requirements of 28 U.S.C. § 1446(a); and (3) show cause why this court should not impose sanctions for Defendant's failure to obey Judge Hinkle's order that she not again remove this case to the United States District Court for the Northern District of Florida. (Doc. 5 at 3). The undersigned warned Defendant that her failure to comply with that order likely would result in dismissal of this action for failure to pay the filing fee, lack of subject matter jurisdiction, and failure to follow an order of this court. *Id.*

On October 18, 2019, Defendant filed an "Objection to Order and Notification of Removal." (Doc. 6). In Defendant's objection, she did not address this court's lack of subject matter jurisdiction, her failure to follow the requirements of 28 U.S.C. § 1446(a), and the appropriateness of sanctions for Defendant's failure to obey Judge Hinkle's order.

On October 29, 2019, the undersigned again ordered Defendant to: (1) pay the filing fee; (2) show cause why this action should not be dismissed for lack of subject matter jurisdiction and for Defendant's failure to follow the requirements of 28 U.S.C. § 1446(a); and (3) show cause why this court should not impose sanctions for Defendant's failure to obey Judge Hinkle's order that she not again remove this case to the United States District Court for the Northern District of Florida. (Doc. 7). This court again warned Defendant that her failure to comply with that order likely would result in dismissal of this action for failure to pay the filing fee, lack of subject matter jurisdiction, and failure to follow an order of this court. *Id.*

On November 12, 2019, Defendant filed an "Objection to Order" which objected to the undersigned's order dated October 29, 2019. (Doc. 9). Defendant again failed to show cause why this action should not be dismissed for the above noted deficiencies. Notably, Defendant states that "Defendant is not paying another penny for anything," making it clear that Defendant does not intend to pay the

$400.00 filing fee. (*Id.* at 8). On November 13, 2019, Defendant filed an "Objection to Order-Addendum," in which Defendant supplemented her previous objection. (Doc. 10). Defendant again states that she "is not paying another penny for anything." (*Id.* at 16). On November 18, 2019, Defendant filed "Objection to Order-Second Addendum," in which Defendant further supplemented her previous objections. (Doc. 11). Defendant again states that she "is not paying another penny for anything." (*Id.* at 12).

As of the date of this R&R, Defendant has not paid the $400.00 filing fee, nor has she shown cause why this action should not be dismissed for the deficiencies listed above.

## II.  Discussion

There are at least two reasons to remand this action to the state court: (1) Defendant failed to establish that this court has subject-matter jurisdiction; and (2) Defendant has failed to pay the filing fee.

### A.  **Subject-Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by Congress or the Constitution. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 2616-17 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675

(1994). The validity of a federal court's order depends upon that court having subject-matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 2103 (1982). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

"It is to be presumed that a cause lies outside" a federal court's "limited jurisdiction . . . ." *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675. In cases removed from a state court, the "burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (quotation marks omitted); *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Courts construe removal jurisdiction narrowly and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna*

*v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872 (1941). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (noting that "uncertainties are resolved in favor of remand"); *see Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (noting that the "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand").

In this case, Defendant did not state in her notice of removal the basis on which this court purportedly enjoys subject-matter jurisdiction. This omission was a clear violation of 28 U.S.C. § 1446(a) (requiring the defendant to include "a short and plain statement of the grounds for removal"). Recognizing this deficiency, on October 7, 2019, the undersigned ordered Defendant to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 5). The undersigned warned Defendant that her failure to comply with that order likely would result in dismissal of this action for lack of subject-matter jurisdiction. *Id.* On October 29, 2019, the undersigned again ordered Defendant to show cause why this

action should not be dismissed for lack of subject-matter jurisdiction and again warned Defendant that failure to do so likely would result in dismissal of this action. (Doc. 7). Defendant has not carried her burden of demonstrating that this court has subject-matter jurisdiction over this case. Accordingly, because this court cannot satisfy itself that it has subject-matter jurisdiction, it should remand the case to the state court from which Defendant removed this case. *Burns*, 31 F.3d at 1095.

### B.   Defendant's Failure to Pay the Filing Fee

This case also should be remanded because Defendant failed to pay the filing fee. Rule 5.3 of the Local Rules for Northern District of Florida provides in relevant part: "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see Hanna v. Florida*, 599 F. App'x 362, 363 (2015); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim,

take other appropriate action" if a party fails to comply with an applicable rule or court order.

On October 7, 2019, the undersigned ordered Defendant to submit the $400.00 fee (a $350 filing fee and a $50.00 administrative fee) to the clerk of the court. (Doc. 5). The undersigned warned Defendant that "[f]ailure to comply with this order likely will result in dismissal of this action for failure to pay the filing fee . . . and failure to follow an order of this court." (*Id.*). On October 29, 2019, after Defendant failed to comply, the undersigned again ordered Defendant to pay the $400.00 fee and again warned Defendant that failure to pay the filing fee likely would result in dismissal of this action. Defendant has flatly refused to pay the filing fee. (Doc. 9 at 8; Doc. 10 at 16). Therefore, the undersigned recommends that the action be dismissed for failure to pay the filing fee.

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's Motion to Remand, (Doc. 3), be **GRANTED.**
2. The court **REMAND** the case to the Circuit Court, Fourteenth Judicial Circuit, in and for Jackson County, Florida.

At Panama City, Florida this 3rd day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.